UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MERT DUYMAYAN,
    Plaintiff,

v.

VALLEY HOSPITAL MEDICAL CENTER,
    Defendant.

Case No. 2:25-cv-00729-GMN-NJK

**Order**

[Docket No. 1]

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1.

    The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g., Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Duymayan v. FBI Las Vegas*, 2025 WL 1089504, at *1 (D. Nev. Mar. 21, 2025) (quoting *Harper v. San Diego City Admin. Bldg.*, 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016)). If an individual is unable or unwilling to verify his or her poverty, courts may make a factual inquiry into the applicant's financial status and may deny a request to proceed in forma pauperis. *See McQuade*, 647 F.2d at 940. "Misrepresentation of assets is sufficient ground[] for denying an *in forma pauperis* application." *Duymayan*, 2025 WL 1089504, at *1 (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

1

The record in this case raises serious concerns as to the accuracy and completeness of the affidavit submitted. Plaintiff attests that he has no income of any kind. Docket No. 1 at 1. However, Plaintiff also attests that he has $1,415 in monthly expenses for housing, utilities, car insurance, and food. *Id*. at 2. It is unclear how Plaintiff pays these bills if he, in fact, has no income of any kind. Given this contradiction, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. Plaintiff is well aware of the need to provide truthful, complete, and consistent answers if he wishes to proceed *in forma pauperis*. *See Duymayan v. Discount Firearms & Ammo, LLC, et al.,* Case No. 2:25-cv-00227-JAD-NJK, Docket No. 7 at 2 (D. Nev. Apr. 14, 2025); *see also Duymayan v. Elite Medical Center, LLC.,* Case No. 2:25-cv-00223-CDS-DJA, Docket No. 4 at 2 (D. Nev. Mar. 21, 2025) (denying Plaintiff's *in forma pauperis* application without prejudice as it contained contradictory information); *see also Duymayan v. FBI Las Vegas,* Case No. 2:25-cv-00224-RFB-DJA, Docket No. 4 at 2 (D. Nev. Mar. 21, 2025) (denying Plaintiff's *in forma pauperis* application without prejudice as it contained contradictory information).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice. Docket No. 1. If Plaintiff wishes to avoid payment of the filing fee, he must complete the long form application to proceed *in forma pauperis*. The Clerk's Office is **INSTRUCTED** to send Plaintiff the long form application to proceed *in forma pauperis* used by non-prisoners. All questions must be answered truthfully and completely. If Plaintiff attests to having no income, he must file a separate statement explaining how he pays his monthly bills without any source of income. This long form application to proceed *in forma pauperis* (and separate statement, as applicable) must be filed by **May 29, 2025**. In the alternative, Plaintiff may pay the full filing fee by May 29, 2025.

<u>**Failure to comply with this order may result in a recommendation of dismissal.**</u>

IT IS SO ORDERED.

Dated: May 12, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2