UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MERT DUYMAYAN,

                Plaintiff,

vs.

VALLEY HOSPITAL MEDICAL CENTER,

                Defendants.

Case No.: 2:25-cv-00729-GMN-NJK

**ORDER DISMISSING CASE**

On June 5, 2025, Magistrate Judge Nancy Koppe ordered Plaintiff to pay the filing fee or file a fully complete application to proceed in forma pauperis ("IFP") by July 3, 2025. (Order, ECF No. 4). Magistrate Judge Koppe warned that "if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice." (*Id.*). Notwithstanding that warning, Plaintiff did not comply. To date, Plaintiff has not paid the filing fee or file a fully complete application to proceed IFP.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Because this action cannot proceed without a complete IFP application or paid filing fee, the only alternative is to enter another order setting another deadline.  The circumstances here do not indicate that Plaintiff needs additional time.  Therefore, setting another deadline is not a meaningful alternative.  So, the fifth factor favors dismissal.  On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for failure to file an IFP application in compliance with the Court's deadline.

The Clerk's Office is kindly directed to close this case.

Dated this __8__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court